**Pablo SANTOS, Petitioner–Appellant,**

**v.**

**Christopher ARTUZ, Respondent– Appellee.**

**No. 03–2765.**

United States Court of Appeals, Second Circuit.

Nov. 19, 2004.

Eleanor Jackson Piel, Law Office of Eleanor Jackson Piel, New York, N.Y., for Petitioner–Appellant.

Ruth E. Ross, (Charles J. Hynes, Leonard Joblove, Jodi L. Mandel, on the brief), Office of the Kings County District Attorney, Brooklyn, N.Y., for Respondent–Appellee.

Present: CARDAMONE, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the

308

judgment of the district court be and hereby is **AFFIRMED**.

Petitioner Pablo Santos appeals from the judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*), denying his petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts and procedural history of the case. For the reasons that follow, we affirm the judgment of the district court.

Santos argues that he is entitled to habeas relief because the prosecution failed to disclose the criminal record of its primary witness, Quiterio Perez, which reflected a 1978 conviction for disorderly conduct and a 1963 conviction for an unspecified misdemeanor, both relating to gambling activities. Santos further submits that this error was compounded by the witness's denial of a criminal record on cross-examination.

Undisclosed evidence is material only " 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " *Kyles v. Whitley*, 514 U.S. 419, 433–34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (opinion of Blackmun, J.)). The criminal record in this case does not fit this criterion because Perez admitted at trial to a history of gambling, employment at a gambling club, and possession of an unlicensed handgun. Though Perez's statement that he had never been convicted of a crime was inaccurate, Santos failed to establish that the inaccuracy evidenced perjury. *See United States v. Monteleone*, 257 F.3d 210, 219 (2d Cir.2001) ("A witness commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, as distinguished from incorrect testimony resulting from confusion, mistake, or faulty memory."). Even

if he could clear this hurdle, however, Perez's denials would not warrant habeas relief because his ready acknowledgment of other serious criminal conduct precludes "any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Gambino*, 59 F.3d 353, 365–66 (2d Cir.1995) (internal citation and quotation marks omitted) (concluding that evidence of perjury would not have been likely to affect the outcome of the trial, particularly in light of extensive admitted evidence of witness's criminal behavior); *see also United States v. Moreno*, 181 F.3d 206, 213 (2d Cir.1999) (holding that when prosecution is unaware that its witness's testimony is perjured, reversal warranted only if "the testimony was material and the court [is left] with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted") (internal citation and quotation marks omitted) (alteration in original).

Accordingly, the district court's August 18, 2003 order denying the petition for habeas corpus is hereby **AFFIRMED**.